## JOHN KNIGHT v. E. A. BOOTH.

1. On a note for $1100, payable to G. or bearer, suit was brought by the holder against the maker, and the latter answered, that the note was not the property of the plaintiff, but belonged to a third person who owed defendant $160, and who had placed the note in the plaintiff's hands without consideration, and for the fraudulent purpose of defeating defendant's offset; and the defendant filed interrogatories to the plaintiff, requiring him to state whether the third person was not the owner of the note, and whether the offset was not just. The plaintiff omitted to answer the interrogatories, which were therefore taken as confessed, and read in evidence by the defendant. The court below (a jury being waived) rendered judgment that the plaintiff take nothing by his suit, and that defendant recover costs, etc. *Held,* that the judgment was erroneous; the failure of the plaintiff to answer the interrogatories was not an admission that he was a fraudulent holder, and it should have been allowed no greater effect than to establish the offset, but not to nonsuit the plaintiff.

2. After judgment as above stated, plaintiff's attorney moved for a new trial, and supported the motion with his own affidavit, alleging that plaintiff was part owner of the note, and was agent for the other part owner, and offered to allow the offset claimed by the defendant. *Held*, that it was error to overrule the motion ; and this court not only reverses the judgment, but renders judgment in favor of the plaintiff for the amount of the note, less the offset.

APPEAL from Liberty. Tried below before the Hon. Seymour White.

The note was payable to F. H. Green or bearer. The plaintiff alleged in his petition, that Green transferred the note to him, by delivery and for value, after it became due. The interrogatories propounded to the plaintiff by the defendant did not necessarily imply fraud in the transfer of the note, but were confined to the ownership of the note, the date of the transfer, the merits of the offset, etc.

The other facts are stated in the opinion of the court.

*Robards & Jackson*, for the appellant.—The facts show that plaintiff's attorney preferred risking the legal consequences of failing to answer the interrogatories, and allowing the offset to further delay in obtaining judgment.

Suppose he was mistaken, unquestionably a new trial ought to have been granted, and plaintiff ought to have been allowed under the circumstances to answer the interrogatories.

But plaintiff's attorney was not mistaken in the law of the case. It is needless to produce authority to this court, showing the right of an agent to sue in his own name on a note payable to him as agent.

When a note is payable to an executor, administrator, guardian, or agent, the party acting in such fiduciary capacity can sue in his own name, and the courts all

say, to name the relation in which he sues would be simply surplusage, or *descriptio personæ.*

It has never been denied before, that any legal holder of a note payable to bearer had the right to sue in his own name; and if we are not mistaken in the law, a plea in abatement, under oath, is the only plea that can avoid such legal consequences.

But suppose the plea was good, and plaintiff was bound to answer or admit it, the legal consequence was simply to allow the setoff, and plaintiff was evidently entitled to judgment for the balance, which was over $1000.

The assignments of error are well taken.

We ask that judgment final for the plaintiff be rendered here.

No brief for the appellee.

WALKER, J.—This was an action on a promissory note executed and delivered by Booth, the appellee, to F. H. Green, calling for the payment of eleven hundred and twelve dollars and thirty cents, dated January 1, 1863, due one day after date, and by its terms to bear ten per cent. interest per annum until paid; certain payments are endorsed upon said note.

Knight, the appellant, sued in his own name. Booth, the appellee, by an amended answer filed February 18, 1870, alleges that the note sued on was transferred after the same became due, for a valuable consideration, to Mrs. Eliza Knight, then residing in Liberty county, in the State of Texas, but who afterwards removed her residence to the territory of Utah; that whilst the said Mrs. Knight held said note, she became indebted to the appellee in the sum of one hundred and sixty-seven dollars, which was a good and valid offset to so much

of the note sued on.    He further alleges that said Mrs.
Eliza Knight is still the *bona fide* owner and holder of
said note, and that the pretended transfer to the appel-
lant is fraudulent and a mere pretense to deprive him
of his offset of one hundred and sixty seven dollars.

The appellee filed interrogatories for the appellant to
answer, by which he evidently expected to prove the
allegations of his amended answer.    The appellant saw
proper to take the legal consequences of a failure to
answer the interrogatories.    On the trial the parties
waived a jury, and submitted the law and the facts to
the court, by whom it was "considered, ordered and
decreed," that the plaintiff take nothing by his suit,
and that the defendant recover his costs, etc.    The
appellant moved for a new trial, which motion was
overruled by the court.    An affidavit was filed by A. B.
Trowel, the attorney of the appellant, in support of
the motion for new trial, in which it is averred that the
note sued on is held by the plaintiff partly as his own
property and partly as the agent of a brother, who
owned an interest in the note.

We find in the record the following :

"JOHN KNIGHT v. E. A. BOOTH.—*Opinion of the
Judge.*—It is confessed that plaintiff has no interest
whatever in the note, the cause of action.    Our courts
certainly will not allow of such a party a naked posses-
sor without interest, to maintain an action in his name.

"SEYMOUR WHITE, Judge presiding."

This so-called opinion of the district judge is not
only uncalled for, but must be regarded as highly
improper; it is rather a brief, thrown into the record
by the judge before whom the case was tried, than
any necessary or proper part of the proceedings therein
had.    It is true in law, that the failure of the plaintiff
to answer the defendant's interrogatories was equiva-

lent to an affirmative answer, if the matter were left unexplained; and it is also true, that the law will not allow the fraudulent holder of a promissory note to maintain an action on it. But the only evidence we have that the plaintiff below is a fraudulent holder of the note sued on, is furnished by his failure to answer the interrogatories propounded to him in the amended answer. This kind of confession is not that which the party freely makes, but is that which the law imposes on failure to answer, and may be the result of mistake, or bad practice on the part of an attorney. The affidavit of the plaintiff's attorney, in support of his motion for a new trial, came late, it is true, at that period of the proceedings; but especially in view of the fact that the plaintiff offered to allow the offset claimed by the defendant, of one hundred and sixty-seven dollars, we are of opinion that the court below should have granted the motion for new trial, or given the plaintiff judgment for the balance due on the note after allowing all proper credits and offsets. The parties having waived a jury below, and having, as we believe, all the material facts before us, this court will allow the appellant a judgment for whatever amount (to be calculated by the clerk of this court) remains due upon the note sued on, after deducting the credits endorsed upon the same, and an offset of one hundred and sixty-seven dollars, together with interest at the rate of ten per cent. per annum, as well as his costs in this and the District Court.

REVERSED AND RENDERED.